IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cr. No. 05-858 (WHW) |
| ) | |
| GHENET MARU MESFUN ) | |
| and  ) | |
| JOSEPH Y. MESFUN ) | |

ORDER
FOR CONTINUED COMPETENCY EXAMINATION AND REPORT
AND
SETTING TRIAL DATE

The Court has received and reviewed the Competency to Stand Trial Evaluation report dated March 7, 2011 (signed by Dr. William Ryan and Dr. Elissa R. Miller, psychologists employed by the Federal Bureau of Prisons). The Court has also received and reviewed a letter dated March 17, 2011, from Adam Johnson, Supervisory Attorney at MCC New York, indicating that the psychiatrist at MCC New York requests permission to change the medications currently being administered to Ghenet Maru Mesfun to reduce the risk of side effects, particularly the condition or known as tardive dyskinesia. On March 22, 2011, the Court held a status conference in this matter. The Court having heard from the parties and Dr. Ryan during the hearing (at which defendant Ghenet Maru Mesfun was present), finds that there is still reasonable cause to believe that defendant Ghenet Maru Mesfun is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. In particular, the Court is concerned that the proposed change in Ghenet Maru Mesfun's medication

regimen might hinder her progress towards competency.

Accordingly, it is hereby ORDERED that the psychiatrist at MCC New York change Ghenet Maru Mesfun's medication regiment consistent with the proposal in the aforementioned letter. It is further ORDERED that defendant Ghenet Maru Mesfun remain in the custody of the Attorney General (at MCC New York) for purposes of undergoing a continued psychological or psychiatric examination, pursuant to 18 U.S.C. § 4241(b), to determine whether defendant Ghenet Maru Mesfun is currently competent to stand trial or enter a plea in this case. The psychological or psychiatric examination should be completed within thirty (30) days from the date defendant Ghenet Maru Mesfun arrives at the facility where the examination is to take place.

It is further ORDERED that upon completion of said examination, the examiner will prepare and provide the Court, with a copy to counsel for defendant Ghenet Maru Mesfun and the attorney for the Government, the written report as described in 18 U.S.C. § 4247(b) and (c). Specifically, the report should include:

(1) Defendant Ghenet Maru Mesfun's history and present symptoms;

(2) A description of the psychiatric, psychological and/or medical tests that were employed and their results;

(3) The examiner's findings;

(4) The examiner's opinions as to diagnosis, prognosis;

(5) The examiner's opinion as to whether defendant Ghenet Maru Mesfun is currently competent to stand trial of the charged offenses or to enter a plea (this opinion should include an explanation of the degree to which (if at all) defendant Ghenet Maru Mesfun's current regimen of medications has restored her to competency; if possible, this opinion should also address the degree to which defendant Ghenet Maru Mesfun would be a danger to herself or others if released from custody), and;

(6) The examiner's opinion as to whether defendant Ghenet Maru Mesfun's new medication regimen has affected her competency to stand trial.

It is further ORDERED that defendant Ghenet Maru Mesfun's counsel and the government's attorney may provide to the examiner any and all medical reports concerning the condition of defendant Ghenet Maru Mesfun and documentary information concerning the offense charged.

It is further ORDERED that the trial in this matter shall commence at 9:30 a.m. on May 24, 2011. Trial shall only commence if this Court is satisfied before that date that Ghenet Maru Mesfun has been restored to competency.

It is further ORDERED that the time necessary to complete the procedures pursuant to 18 U.S.C. §§ 4241 and be excluded in computing the time within which trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(A), 3161(h)(1)(F), 3161(h)(1)(H), 3161(h)(4), 3161(h)(7)(A), and 3161(h)(7)(B)(ii).

In support of its finding pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by completion of procedures pursuant to 18 U.S.C. §§ 4241 outweigh the best interests of the public and the defendant in a speedy trial, because proper resolution of defendant Ghenet Maru Mesfun's mental competency issues is necessary to the fair and orderly administration of the trial, and because the interests of fairness and judicial economy dictate that the two co-defendants be tried together due to the common questions of law and fact inherent in the charges against them.

SO ORDERED this 22nd day of March, 2011

_____
Hon. William H. Walls
UNITED STATES DISTRICT JUDGE